UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

ALEXANDER GREGORY on behalf of himself and
all other similarly situated consumers

                              Plaintiff,

        -against-


CENTRAL CREDIT SERVICES LLC
F/K/A VELDOS, LLC

                              Defendant.


_____

## CLASS ACTION COMPLAINT

### Introduction

1.    Plaintiff Alexander Gregory seeks redress for the illegal practices of Central Credit
      Services LLC f/k/a Veldos, LLC in which it unlawfully engaged in the collection of
      consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692,
      et seq. ("FDCPA").

### Parties

2.    Plaintiff is citizen of the State of New York who resides within this District.

3.    Plaintiff is consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the
      FDCPA.

4.    The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer
      debt.

5.    Upon information and belief, Defendant's principal place of business is located within
      Jacksonville, Florida.

6.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### Allegations Particular to Alexander Gregory

10.     Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11.     On or about May 14, 2014, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12.     Counsel for the Defendant agreed to toll the Statute of Limitations on the said letter.

13.     Said letter states in pertinent part as follows: "Veldos, LLC may charge a convenience fee for web and phone transactions if applicable by client and/or state law."

14.     The notification and collection of the convenience fee is unlawful.[1]

15.     Defendant's convenience fee demand is in violation of 15 U.S.C. §§ 1692e(2) and 1692f(1) for engaging in deceptive practices, by making a false representation that it was

---

[1] Shami v. National Enter. Sys., 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010). (The court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter including the language ''you can now pay by automated phone system . . . or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account. You are not required to use the automated phone system or the internet to make payment on this account.''), McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham, 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (The plaintiff stated a viable FDCPA claim by alleging that the defendant collected or attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt.), Quinteros v. MBI Assocs., 2014 U.S. Dist. LEXIS 27735 (E.D.N.Y. Feb. 27, 2014). (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone.)

entitled to receive compensation for web and phone transactions, or by collecting an amount that was not authorized by contract or permitted by law.

## AS AND FOR A FIRST CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.***

16.   Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through fifteen (15) as if set forth fully in this cause of action.

17.   This cause of action is brought on behalf of Plaintiff and the members of a class.

18.   The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff on or about May 14, 2014, sent within one year prior to the date of the within complaint; (a) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Security Credit Services LLC; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e(2) and 1692f(1) for making a false representation that it was entitled to receive compensation for web and phone transactions.

19.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members.  The

principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such collection letters, (*i.e.* the class members).  This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiff are typical of those of the class members.  All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

20.  A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

21.  If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

22.  Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophistical consumer."

### *Violations of the Fair Debt Collection Practices Act*

23.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

24.     Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

(a)     Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

          And

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
August 31, 2015

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein (AF-9508)

-5-

**Veldos, LLC**

fka Asset Management Professionals, LLC
PO Box 2824 • Woodstock, GA 30188
**Phone: 888-355-7515**

665 Molly Lane
Suite 110
Woodstock, GA 30189

1 1 00000026
402977

7612510-AMP00102

May 14, 2014

Alexander Gregory
128 MARINE AVE APT 4L
BROOKLYN, NY  11209-7538

## ACCOUNT IDENTIFICATION

Current Creditor: SECURITY CREDIT SERVICES LLC
Orig. Creditor: BMW Bank of North America/CREDIT
CARD

Account: 4890
Balance: $14,200.19
Reference #: 610

Dear Sir/Madam:

Our company, Veldos, LLC, is a collection agency assisting financial institutions in the recovery of unpaid debts.  In this regard, this office is now pursuing collection of the above named debt on behalf of our client.  You have failed to respond to previous requests for payment of $14,200.19 on your past due account, and we are concerned.

Please give our office a call to discuss your plans to resolve this matter so that we may update our client on your current situation.  We may be able to help you come up with a positive resolution to this matter by exploring alternate payment options and solutions.

Our account managers are available by phone at **888-355-7515** Monday through Thursday, 8:00 a.m. to 8:00 p.m. (EST) and Friday, 8:00 a.m. to 5:00 p.m. (EST). We can accept payments by phone for your convenience, or you may submit the balance in full by sending the payment slip attached below with your check or money order.

The legal time limit to sue on the debt has expired and thus we will not sue you to collect on the Time-Barred Debt. Because of the age of the debt, we will not report to any credit reporting agency on this account.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.   THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**\*\*NOTICE:   SEE REVERSE SIDE FOR IMPORTANT INFORMATION\*\***

This statement serves as a notice and agreement that the telephone calls between you and us may be recorded or monitored for quality assurance purposes.

Veldos, LLC may charge a convenience fee for web and phone transactions if applicable by client and/or state law.

## Required State Notices

We are required to provide the following information under state law.  This is not a complete list of rights by state.  If you do not reside in one of these states, you still may have the same or similar rights under state or federal law.

### New York

This collection agency is licensed by the Department of Consumer Affairs of the City of New York 1474967

AMP00102
AMP.wfd, V1
402977

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Detach and return this portion with your payment in the envelope provided

AMP00102

**Veldos, LLC**
P.O. Box 2824 • Woodstock, GA 30188
**Telephone: 888-355-7515**

**Reference #:** [    ]510
0000304 - SECURITY CREDIT SERVICES LLC

**Amount Enclosed:** _____

Make your check or Money Order Payable to Veldos, LLC.
Please be sure the address below is visible in the
remit envelope window.

**Business Hours:**

<u>Monday to Thursday</u>          <u>Friday</u>
8:00 AM to 8:00 PM          8:00 AM to 5:00 PM

**Indicate any address/phone changes below:**

_____

_____

_____

**VELDOS, LLC**
PO BOX 2824
WOODSTOCK, GA  30188-1386